UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY J. OXENRIDER, | : **1:22-CV-01557** |
| Plaintiff, | : (Magistrate Judge Schwab) |
| v. | : |
| LEBANON COUNTY DISTRICT ATTORNEY, *et al.*, | : |
| Defendants. | : |

### ORDER
April 25, 2023

Currently pending is a motion for the appointment of counsel filed by the plaintiff, Andy J. Oxenrider. For the reasons set forth below, we will deny that motion.

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002). Yet 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case. While the court has broad discretion to request an attorney to represent an indigent civil litigant, *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), it may not require an unwilling attorney to accept an appointment in a civil case, *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989).

"Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of <u>special circumstances</u> indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (emphasis in original) (quoting *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).  But "counsel should be appointed where an indigent plaintiff with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case." *Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019).

The United States Court of Appeals for the Third Circuit has "outlined a two-step process" that the court should follow when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  First, as a threshold inquiry, the court must consider whether the plaintiff's case has some arguable merit in fact and law. *Montgomery,* 294 F.3d at 498–99.  Second, if the plaintiff overcomes this threshold hurdle, the court should consider other factors including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; (4) the degree to which the case is

likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his or her own behalf. *Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997).  This list "is not meant to be exhaustive." *Tabron,* 6 F.3d at 157; *see also Houser*, 927 F.3d at 700 ("We have always emphasized that the Tabron factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress.  They are not exhaustive, nor are they each always essential.").  Rather, the court must determine on a case-by-case basis whether the appointment of counsel is warranted. *Tabron,* 6 F.3d at 158.

When considering motions for appointment of counsel, there are also practical considerations that a court must consider, such as the large number of prisoner civil rights cases; "the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron,* 6 F.3d at 157.  Because volunteer lawyer time is limited and extremely valuable, the court should not request counsel to accept an appointment indiscriminately. *Id.*  Thus, "[t]he scarcity of *pro bono* counsel is important, even if it is not among the delineated Tabron factors." *Houser*, 927 F.3d at 700.

Here, by a separate order, we have screened Oxenrider's complaint and concluded that it fails to state a claim upon which relief can be granted.  We

granted Oxenrider leave to amend.  But because the complaint fails to state a claim upon which relief can be granted, we cannot say that the case has some arguable merit in fact and law.  Thus, Oxenrider does not meet the threshold requirement for the appointment of counsel.  Accordingly, we will deny Oxenrider's request to appoint counsel at this time without prejudice to re-examining this issue as this litigation progresses.

Based on the foregoing, **IT IS ORDERED** that Oxenrider's motion (*doc. 3*) for the appointment of counsel is **DENIED**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge